## EX PARTE QUILLAN HALL.

*No. 785. Decided June 19.*

**Habeas Corpus—Pauper County Convict—Imprisonment of, and Credit on Fine.**—Where a party was on the 11th of January convicted in a misdemeanor case, and was committed to custody for nonpayment of the fine and costs, and also for failure to give a required bail bond in another case pending against him, and on the 5th of February made affidavits of inability to pay the fine and costs in the misdemeanor, and on the 1st of March tendered to the sheriff a bail bond in the other case, which the sheriff refused to accept until his fine and costs in the misdemeanor were paid; *Held,* that the sheriff should have accepted the bond, and had no right to impose such conditions, and that the county judge having failed to hire him out under his pauper oath in the misdemeanor case, he was entitled to credit of $3 per day from the 5th day of February upon said misdemeanor judgment, and to his release and discharge from jail when said judgment was satisfied by a credit at said rate.

APPEAL from the County Court of Wood. Tried in vacation before Hon. D. W. CROW, County Judge.

The case is fully stated in the opinion.

No briefs have come to the hands of the Reporter.

*Mann.Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a proceeding on habeas corpus. It appears from the record that the appellant was arrested on the 5th of January, 1895, on two warrants, one charging him with unlawfully carrying a pistol, and another charging him with assault with intent to rape. Both cases were pending before a justice of the peace. In the latter case he was held to bail in the sum of $250. On the 11th of January, 1895, the appellant was tried and convicted for unlawfully carrying a pistol, and his fine assessed at $25, the fine and costs in said case amounting to $78.37; and he was committed to jail until the fine and costs were paid. On the 5th of February following, the appellant made an affidavit that he was too poor to pay the fine and costs in said case. On the 1st of March following, relator offered to give a bond in the sum of $250 in the felony case. It appears that he did not present his bond formally to the sheriff, but that he had his sureties, who were solvent, and offered to execute said bond, but the sheriff refused to receive the same, unless he would pay the fine and costs in the pistol case or make a bond to secure same. The statement of facts shows, that the relator tendered D. W. Wright, J. R. Hall, and B. F. Craddock as the sureties on said bond, and the sheriff would have approved the bond with such persons as sureties, but declined to accept same unless the relator would pay the fine and costs in the pistol case, as before stated. In our opinion, it was the duty of the sheriff of said county to have received said bond, and he had no right to make receipt of same conditioned upon the payment of said fine and costs. On the acceptance and approval of said bond, the appellant having previously, on the 5th of February, 1895, filed his affidavit of inability to pay the fine and costs in said case, it was the duty of the county judge to hire out said convict, in order to pay off and discharge said fine and costs; failing to do which, the appellant was entitled to the sum of $3 per day for each day after the 1st of March, 1895, when he tendered said bond to the sheriff. On the 27th of March following, at the rate of $3 a day, which the defendant was entitled to receive while he was confined in jail, he was entitled to be discharged on account of said case. The sum total for said twenty-seven days would have been a sufficient amount at $3 a day, the rate to which he was entitled, to have paid off and discharged said fine and costs. Relator was accordingly entitled to his discharge on account of said pistol case at that time. Ex Parte Richmond. ante, p. 112; Ex Parte Taylor, ante, p. 273.

We further note, that as to the felony case the grand jury failed to find a bill for same, but presented an indictment against him for an aggravated assault. No disposition appears to have been made of said case, and it is not now before us for consideration; but as to said pistol case the defendant is entitled to his discharge, and the judgment of the lower court refusing to discharge the defendant on said account is hereby reversed, and applicant ordered discharged.

*Reversed, and applicant ordered discharged.*

Judges all present and concurring.